UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF THE PLUMBERS AND GASFITTERS'
LOCAL UNION NO. 12 WELFARE, PENSION,
ANNUITY & EDUCATION FUNDS, LMCT FUND,
INDUSTRY FUND, PLUMBERS UNION LOCAL 12 and
its FRINGE BENEFIT FUNDS

Plaintiffs

VS.

P.M.B. MECHANICAL, INC. and
PAUL M. BARRERA

Defendant

Civil Action No. 04 11820 RCL

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE August 18, 2004

MAGISTRATE JUDGE _____

### ERISA AND LMRA COMPLAINT FOR COLLECTION
### OF DELINQUENT CONTRIBUTIONS AND DEDUCTIONS OWED

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq., and the Labor Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. § 141 et seq., 29 U.S.C. § 185, brought by the Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity & Education Funds, the LMCT Fund, the Industry Improvement Fund and Plumbers Union Local 12 Fringe Benefit Funds (collectively "the Funds") for damages arising from unpaid Funds contributions and deductions owed to the Funds by the Defendants P.M.B. Mechanical, Inc. ("PMB") and Paul M. Barrera.

2. This Court has jurisdiction pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) and (2); 29 U.S.C. § 1132(e)(1) and (2), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

3. Defendant PMB is a Massachusetts corporation with a principal place of business located at 44 Grove Street, Lynnfield, MA 01940 and at all material times was an "employer" within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002(5), and within the meaning of section 501(3) of the LMRA, 29 U.S.C. § 142(3) and was engaged in an industry affecting commerce within the meaning of sections 3(1) and (12) of ERISA, 29 U.S.C. § 1002 (11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

4. Along with other employers in the Greater Boston Association of Plumbing, Heating, Cooling Contractors, PMB is signatory to a Collective Bargaining Agreement (the "CBA") with Plumbers and Gasfitters' Local Union No. 12 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL-CIO (the "Union") a "labor organization" within the meaning of 29 U.S.C. §152(5). At all relevant times, PMB was signatory to the Collective Bargaining Agreement with the Union ("CBA").

5. The CBA requires the Employer to the Funds' Agreements and Declarations of Trusts and also contractually requires the Employer to forward in a timely fashion the

2

hourly contributions to the Trust Funds based upon hours worked by Local 12 Plumbers and Apprentices.

6. The CBA contractually requires the Employer to forward hourly deductions from the wages of Local 12 Plumbers and Apprentices that fund the Plumbers Local 12 Fringe Benefit Funds and to forward in a timely fashion such hourly wage deductions to the Fringe Benefit Funds at 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

7. The Welfare, Pension, Annuity & Education Funds are administered by Plaintiffs, Trustees of said Trust Funds, who are "fiduciaries" within the meaning of section 3 (21) (A) of ERISA, 29 U.S.C. § 1002 (21) (A).

8. The Plaintiff Welfare, Pension, Annuity & Education ERISA Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186 (c)(5). Plaintiff Trustees are third-party beneficiaries of the CBA. Each Trust Fund is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002 (3). The Trust Funds are multi-employer plans as defined in section 3(37) (A) of ERISA, 29 U.S.C. § 1002(37) (A). The Trust Funds have their principal office and are administered at 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125. PMB is contractually bound under the terms of the CBA to forward, in a timely fashion to the Funds' office, Trust Funds contributions based upon hours worked by Local 12 Plumbers and Apprentices.

9. The Plaintiff Labor Management Cooperative Trust ("LMCT") Fund is a jointly managed Trust Fund established pursuant to LMRA Section 186(c)(9) for purposes

3

described in Section 5(b) of the Labor Management Cooperation Act of 1978. PMB is contractually bound under the terms of the CBA to forward, in a timely fashion to the Funds' office, Trust Fund contributions based upon hours worked by Local 12 Plumbers and Apprentices.

10. The Plaintiff Industry Improvement Fund is a Trust organized and administered by Employer representatives to protect and promote the general welfare of the Plumbing and Gasfitting contracting industry. It is funded by employer contributions based upon hours worked by Local 12 Plumbers and Apprentices. Pursuant to the terms of the CBA, the contributions are to be forwarded to the Trust Funds' office at 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125 for distribution to the Industry Improvement Fund.

11. The Plaintiff Plumbers Union Local 12 and its Fringe Benefit Funds (Vacation and Christmas Fund, the 13th Check Fund, the Organizing Fund, the Building Fund, the Public Relations Fund, and Dues Fund) are funded by deductions from the hourly wages of Local 12 Plumbers and Apprentices at rates determined in the parties' CBA. PMB is obligated under the terms of the CBA to forward, in a timely fashion, these hourly wage deductions to the Funds' office at 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

12. Under the terms of the CBA and the Trust Agreements, PMB is required to prepare and forward a single combined monthly remittance report to the Funds' office by the fifteenth (15th) day of the month following the month in which such contributions and

4

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

deductions were incurred. The report identifies the names of the Local 12 Plumbers and Apprentices who performed work for the employer during the month, their hours worked, and the contributions and deductions owed to the Funds by multiplying the total number of hours worked, including overtime, by each covered employee in that particular month by hourly contribution and deduction rates set forth in the CBA. The report, along with the contributions and deductions, is delinquent if not received by the aforementioned due date.

13. Defendants PMB and Paul Barrera are aware of their responsibilities pursuant to the CBA and Trust Agreements to forward timely reports, contributions and wage deductions.

14. The CBA and Trust Agreements provide that if contributions to the Funds are delinquent, the employer shall pay a late fee charge of one percent (1%) per month compounded monthly on any unpaid delinquent contributions and deductions calculated from the due date.

## COUNT I: ERISA - CIVIL ACTION TO COLLECT DELINQUENT CONTRIBUTIONS

15. Plaintiffs incorporate by reference Paragraphs 1-14 above.

16. Defendant PMB has failed to make the required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145. Defendant is presently delinquent in contributions owed to the Funds for the months of May, June, and July 2004. Defendant has not forwarded the June and July reports and payments. It is estimated, based upon prior reports, that contributions and deductions due for June and July total $9,089.20 each

5

month. An actual number will be provided when the reports are received. Pursuant to 29 U.S.C. § 1132 (a) (3), the Trust Funds are authorized to enforce 29 U.S.C. § 1145, the ERISA provision that obligates employers to make contributions to a multi-employer plan under the terms of the Plans or the Bargaining Agreement.

17. Each month in which a delinquency arose, Plaintiffs forwarded demand correspondence to Defendants requesting payment of the delinquent contributions and explaining that failure to submit contributions will result in litigation in which Defendant would be required to pay the delinquent contributions and deductions, plus interest, costs and attorney's fees as provided by the CBA and Trust Agreements. Defendant PMB failed to submit the delinquent contributions.

18. Each month, Plaintiff Funds forwarded demand correspondence to the Defendants and repeatedly explained that failure to forward timely monthly payments would result in contractually mandated late fee charges. The Trust Funds are entitled to collect this late fee charge on unpaid contributions pursuant to 29 U.S.C. § 1132 (g) (2). (The actual late fee amount must be recalculated at the time this lawsuit settles or results in judgment.)

## COUNT II: LABOR MANAGEMENT RELATIONS ACT – BREACH OF CONTRACT ACTION TO COLLECT DELINQUENT CONTRIBUTIONS AND WAGE DEDUCTIONS

19. Plaintiffs incorporate by reference Paragraphs 1-18 above.

20. Defendant PMB has failed to remit the contractually mandated Funds contributions and deductions for the months of May, June and July 2004.

6

21. By the above action, Defendant has violated the parties' Collective Bargaining Agreement and Plaintiffs are entitled, pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a), to collect the delinquent contributions, deductions and late fees.

**COUNT III: ERISA FIDUCIARY LIABILITY**

22. Plaintiffs incorporate by reference Paragraphs 1-21 above.

23. The delinquent contributions referred to in Counts One and Two above are Trust Fund assets over which Defendant P.M.B. Mechanical Inc.'s President, Treasurer and Director, Paul M. Barrera, maintained authority or control.

24. Defendant Paul Barrera used these Trust Fund assets referenced in Paragraph 23 for purposes other than paying the delinquent contributions.

25. In directing these Trust Fund assets for PMB's other business purposes, Paul Barrera acted as a fiduciary of the Trust Fund in regard to those assets within the meaning of 29 U.S.C. §1002(21)(A)(i) and did so contrary to the fiduciary obligations under ERISA pursuant to 29 U.S.C. §1104(a)(1), and contrary to the prohibition against self-dealing under ERISA, 29 U.S.C. §1106(b)(1).

26. ERISA §409(a) [29 U.S.C. §1109(a)] imposes personal liability to make good to a Plan for any losses resulting from a fiduciary breach. Thus, as a fiduciary subject to the duties imposed by ERISA §404 [29 U.S.C. §1104], Paul Barrera is individually liable for the repayment to the Trust Funds of the delinquent contributions referred to in Counts One and Two above.

7

**WHEREFORE, Plaintiffs pray for judgment against Defendants** *(jointly and severally liable)* **as follows**:

1. Awarding the Plaintiffs the following:

    (a) the unpaid contributions for the period of May, June and July 2004 as follows:

    | | |
    |---|---|
    | **May 2004:** | $9,089.20 |
    | **June 2004:** | $9,089.20  (estimated – no report) |
    | **July 2004:** | $9,089.20  (estimated – no report) |
    | **TOTAL CONTRIBUTIONS AND WAGE DEDUCTIONS:** | **$27,267.60** |

    (b) delinquent late fees:    $545.34

    **Total of (a) through (b):**    *$27,812.94*

    (c) subsequent delinquencies that may become due and owing during the pendency of this lawsuit;

    (d) subsequent late fees that have accrued during the pendency of this lawsuit.

    (e) interest on delinquent payments from the date of this lawsuit through the date of final payment;

    (f) liquidated damages in an amount equal to the greater of interest on unpaid contributions or twenty percent (20%) of the unpaid contributions (29 U.S.C. § 1132 (g)(2);

    (g) all costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action (29 U.S.C. § 1132 (g) (2) (D); and

2. Permanently enjoining the Defendant, PMB, from violating its obligation under the terms of its Collective Bargaining Agreement with the Plumbers Union Local 12 to submit timely contributions and deductions and the terms

8

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

of the Agreement and Declarations of Trusts to submit timely *contributions* and *reports* to the Plaintiffs; and

3. Ordering such other and further relief as this Court may deem just and proper.

Dated: <u>August 18, 2004</u>	Respectfully submitted,

John M. Brown, Esq.
ROBERT M. CHEVERIE &
 ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
(860) 290-9610
BBO# 651103

_____
Attorney for Plaintiffs

9

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 18th day of August 2004, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P. O. Box 13163
Baltimore, MD 21203
Attn:     **Employee Plans**


Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:     **Assistant Solicitor for Plan Benefits Security**

_____
John M. Brown, Esq.

JTF.12TF.PMB MECHANICAL
Complaint.08-18-04

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity & Education Funds, et al v. P.M.B. Mechanical, Inc., et al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    [✓] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [✓] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    [ ] V. 150, 152, 153.

    *04 11820 RCL*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [ ]   NO [✓]

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division [ ]    Central Division [ ]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division [✓]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   John M. Brown, ROBERT M. CHEVERIE & ASSOCIATES, P.C.
ADDRESS   333 East River Drive, Suite 101, East Hartford, CT  06108
TELEPHONE NO.   (860) 290-9610

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 7/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS** TRUSTEES OF THE PLUMBERS AND GASFITTERS' LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY & EDUCATION FUNDS, LMCT FUND, INDUSTRY FUND, PLUMBERS UNION LOCAL 12 and its FRINGE BENEFIT FUNDS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John M. Brown, Esq.
**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
333 East River Drive, Suite 101
East Hartford, CT 06108    (860) 290-9610

**DEFENDANTS**
P.M.B. MECHANICAL, INC.
and PAUL M. BARRERA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Breach of Collective Bargaining Agreement and to collect contributions due to Plaintiffs' Funds under ERISA, 29 U.S.C. Sections 185 and 29 U.S.C., Section 1002 et. seq.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310\ Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 hia (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405)(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other (including 1983 Actions) | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND **$40,000.⁰⁰**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY:** (See Instructions):
JUDGE_____    DOCKET NUMBER_____

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

DATE
August 18, 2004

John M. Brown, Esq.